**Donald V. REID, Appellant,**

v.

The NAVAL AIR TURBINE TEST STATION, Trenton, New Jersey, Captain R. E. Sorensen, Commanding Officer, Natts, Captain J. N. Richards, Director Atl Natts, Mr. George J. Trimble, Personnel Officer, Natts, Mr. Sargis A. Kossayian, Chief Measurements Div., Mr. Thomas McDonnell, Leadingman, Electronic Shop, Mr. William Woessner, Quarterman, Operating Group, E. R. Eastwold, R. A. USN. Deputy Chief of Bureau, Natts, Appellees.

No. 15696.

United States Court of Appeals Third Circuit.

Argued Sept. 15, 1966.

Decided Sept. 30, 1966.

Donald V. Reid, pro se.

Matthew J. Scola, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellees.

Before STALEY, Chief Judge, and McLAUGHLIN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

In this complicated pro se litigation plaintiff, claiming he was wrongfully forced to resign from his employment with the Government agency involved, seeks reinstatement in said position and consequent damages. From examination

of the complaint, the trial judge determined that there was no basis for federal court jurisdiction and dismissed the complaint without prejudice.

Plaintiff had been strongly advised by the trial judge that he should have counsel and to obtain same. Plaintiff has stated to this Court that he has endeavored to engage an attorney but has been unsuccessful; that he also applied to the county bar association where he lives and to the state bar association for a lawyer but that his requests were rejected; that, though he is indigent, his son and daughter, who are working and supporting his household, are entirely willing to commit themselves to paying a reasonable fee within their means by installments to an attorney for representing the plaintiff. Inter alia, plaintiff should have presented this whole situation to the District Court and asked for help in securing the needed assistance. He did not do so and as a result was severely handicapped in the District Court and is confronted with the same plenary problem on this appeal.

There is enough before us to indicate that plaintiff has evidence in support of his claims that he was in effect wrongfully ousted from his job and that he has exhausted his administrative remedy in seeking relief. We, of course, make no attempt at evaluation of plaintiff's proffered proofs and have no opinion as to the strength of his contentions. It is, however, clear that he should have a full hearing in the District Court in his effort to show jurisdiction therein. It is also clear that plaintiff badly needs competent aid in all phases of his suit, including correct designation of parties defendant, properly drawn suit papers, procedure, etc. As noted, the District Court earnestly tried to have plaintiff appear by attorney. We are satisfied that plaintiff appreciates that necessity and that he has been completely unsuccessful in his effort to take care of it. In the unusual circumstances we would be grateful if the trial judge would see to it that plaintiff is supplied with counsel under some such payment arrangement as above indicated which will enable plaintiff to have his full, fair day in court.

The judgment of the District Court will be vacated and the case remanded thereto for further proceedings consonant with this opinion.